IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA            PLAINTIFF/RESPONDENT

v.            CRIMINAL NO. 09-50018-001

NOEL ANDREW JACKSON            DEFENDANT/MOVANT

**<u>MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>**

On August 14, 2013, the Defendant/Movant Noel Andrew Jackson (hereinafter "Defendant") filed a 28 U.S.C. § 2255 motion. (Doc. 99). The Government filed a Response on September 4, 2013. (Doc. 104). Defendant filed a Reply on November 8, 2013. (Doc. 109). The matter is before the undersigned for issuance of a Report and Recommendation and is now ripe for consideration.

**I.     Procedural Background**:

On January 20, 2009, a criminal complaint was filed alleging Defendant robbed a bank in Springdale, Arkansas in violation of 18 U.S.C. § 2113. (Doc. 1). On February 13, 2009, Defendant appeared with counsel, CJA Panel Attorney Mark E. Ford, for an initial appearance and at that hearing waived issues of probable cause and detention. (Doc. 4).

On February 25, 2009, Defendant was named in a seven-count Indictment filed in the United States District Court for the Western District of Arkansas. (Doc. 8). Defendant was

charged with two counts of aiding and abetting bank robbery, two counts of brandishing a firearm during a crime of violence, and two counts of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 2, 2113 (a), and 2113(d); 18 U.S.C. § 924(c)(1)(A)(ii), 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Doc. 8). Defendant appeared for arraignment on March 11, 2009, with counsel, Mr. Ford, and entered not guilty pleas as to Counts 1, 2, 3, 5, 6, and 7. (Doc. 13).

On March 16, 2009, an Entry of Appearance and Motion to Substitute Counsel was filed by Herbert Southern, on behalf of Defendant. (Doc. 23). The Court approved Mr. Southern as Defendant's counsel, and allowed Mr. Ford to withdraw. (Doc. 28).

On May 19, 2009, the date that Defendant's trial was set to commence, Defendant appeared with counsel, and entered a plea of guilty to Counts 1, 2 and 5 of the Indictment. (Doc. 72). By entering the plea agreement of guilty to Counts 1, 2 and 5 of the Indictment, Defendant agreed that he faced:

As to Counts 1 and 5:
   a. a maximum term of imprisonment for 25 years;
   b. a maximum fine of $250,000.00;
   c. both imprisonment and fine;
   d. a term of supervised release which begins after release from prison;
   e. a possibility of going back to prison if the defendant violates the conditions of supervised release;
   f. a special assessment of $10,000.00;

As to Count 2:
   a. not less than 7 years consecutive to any term of imprisonment imposed on Counts One and Five;
   b. a special assessment of $100.00.

(Doc. 73, p. 6).

On July 7, 2009, a Presentence Investigation Report (PSR) was prepared by a United States Probation Officer. The PSR recommended that Defendant not receive a two-level reduction for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a). (PSR ¶ 55). In detailing Defendant's criminal history, the PSR included, among other convictions, a 1994 Missouri conviction for second-degree burglary, and a 1998 Kentucky conviction for first-degree robbery. Based on these convictions, the PSR determined that Defendant qualified for career-offender status and a criminal history category of VI, pursuant to U.S.S.G. § 4B1.1 (a) and (b). (PSR ¶ 57). The Guideline range was determined to be 360 months to life. Two of Defendant's objections were that he did not receive acceptance of responsibility, and that the career-offender guideline was erroneously applied.

At the sentencing hearing held on September 8, 2009, the Court denied acceptance of responsibility and applied the career-offender enhancement. (Doc. 94, p. 63-122). Defendant was sentenced to 420 months imprisonment, consisting of 156 months on Count 1, 180 months on Count 5, and 84 months on Count 2, terms to run consecutively; 3 years supervised release on each Count, with terms to run concurrently; a $125,000.00 fine, consisting of $50,000.00 on Count 1, $50.000.00 on Count 5, and $25,000.00 on Count 2; $15,130.91 in restitution; and a $300 special assessment. (Doc. 81).

On October 20, 2009, Defendant filed a Notice of Appeal. (Doc. 89). On appeal, Defendant argued that the district court procedurally erred at sentencing by denying his request for a two-level reduction for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a), and declining to depart from the career-offender guideline, U.S.S.G. § 4B1.1. United States v. Jackson, 424 F. App'x 603, 605 (8th Cir. 2011). On July 18, 2011, and August 15, 2011,

respectively, the Judgment and Mandate were entered, wherein the Eighth Circuit Court of Appeals affirmed the sentence imposed by the district court. (Doc. 97).

## II.   Grounds For § 2255 Motion:

In his §2255 petition, which Defendant filed pro se, Defendant asserts the following grounds for relief:

> Ground One:   Conviction was in violation of Defendant's Fifth Amendment right to due process, as Defendant was improperly designated as a career-offender which resulted in a career enhancement at sentencing.
>
> Ground Two:   Defendant's conviction was in violation of his Sixth Amendment right to effective counsel.

(Docs. 99, 100).

## III.   Issue One:   Whether Defendant's §2255 Motion is Untimely:

The initial question that must be answered in this case is whether Defendant's § 2255 motion is untimely.

28 U.S.C. § 2255(a) provides:

(a) A prisoner in custody...claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Under the AEDPA (Antiterrorism and Effective Death Penalty Act of 1996), motions under this section must be filed within a one-year period that begins to run from the latest of the following dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). For purposes of this case, paragraphs 1 and 3 are the relevant provisions.

Under paragraph 1, a defendant who files an appeal of his conviction and/or sentence but who does not file a petition for writ of certiorari, the one year statute of limitation begins to run 90 days after entry of judgment by the Court of Appeals. Clay v. United States, 537 U.S. 522, 532, (2003) ("[F]or federal criminal defendants who do not file a petition for certiorari ... on direct review, § 2255's one-year statute of limitations period starts to run when the time for seeking such review expires."); Sup. Ct. R. 13 (stating that a petition for certiorari must be filed within 90 days after the judgment (and not the mandate) is entered).

In this case, the Judgment of the Court of Appeals was dated and filed on July 18, 2011. (Doc. 97, Attachment 1). Since Defendant did not file a petition for writ of certiorari, the statute of limitations began to run 90 days thereafter, on October 16, 2011. Thus, the one year statute of limitations required Defendant to file a motion pursuant to 28 U.S.C. §2255 on or before October 16, 2012. Defendant's motion was filed on August 14, 2013. (Doc. 99). Because Defendant's motion was signed by him on August 12, 2013, and filed on August 14, 2013, the statute of limitations bars his claims under 28 U.S.C. § 2255.

AO72A
(Rev. 8/82)

Defendant seeks to avoid the untimeliness of his § 2255 motion by invoking Paragraph 3, which states that the one year limitation period for filing an initial § 2255 motion shall run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Defendant claims that two recent United States Supreme Court cases, United States v. Alleyne, 133 S. Ct. 2151 (2013), and United States v. Descamps, 133 S. Ct. 2276 (2013), make his §2255 motion timely.

In Alleyne, the Supreme Court held that the Sixth Amendment of the United States Constitution required a jury to find beyond a reasonable doubt any fact which increased a mandatory minimum sentence. Id. at 255; see also United States v. Davis, 736 F.3d 783, 784 (8th Cir. 2013). Alleyne was decided on June 17, 2013, after Defendant's conviction became final. While the Eighth Circuit Court of Appeals does not appear to have addressed the issue, other courts have consistently held that Alleyne does not apply retroactively to cases on collateral review. See, e.g. United States v. Winkelman, 746 F.3d 134, 136(3rd Cir. 2014); United States v. Harris, 741 F.3d 1245, 1250 n. 3 (11th Cir. 2014); Simpson v. United States, 721 F.3d 875, 876 (7th Cir. 2013); United States v. Redd, 735 F.3d 88, 91 (2d Cir. 2013); United States v. Stewart, 540 F.App'x 171, at *1 n. (4th Cir. 2013); In re Kemper, 735 F.3d 211, 212 (5th Cir. 2013). Accordingly, Alleyne does not toll the statute of limitations in this case.

In Descamps, the Supreme Court held that "sentencing courts may not apply the modified categorical approach" to determine if a conviction is a "violent felony" under the Armed Career Criminal Act (ACCA) when the crime of conviction "has a single, indivisible set of elements." See Descamps, 133 S. Ct. at 2281-82. Descamps was decided on June 20, 2013, after

Defendant's conviction became final. While the Eighth Circuit Court of Appeals does not appear to have addressed this issue, other courts have held that nothing indicates that a new rule that was constitutionally based was announced, and that the holding in Descamps did not apply retroactively to cases on collateral review. In re Jackson, 776 F.3d 292, 296 (5th Cir.2015); Groves v. United States, 755 F.3d 588, 593 (7th Cir.) cert. denied, 135 S.Ct. 501 (2014), reh'g denied, 135 S.Ct. 1038 (2015). Accordingly, Descamps does not toll the statute of limitations in this case.

Alternatively, even if Descamps is given retroactive effect, Defendant's burglary conviction would still constitute a crime of violence for the purposes of the career-offender guideline. In United States v. Olsson, 742 F.3d 855, 856 (8th Cir. 2014) cert. denied, 135 S. Ct. 158 (2014), the Eighth Circuit Court of Appeals found that the basic elements of the Missouri second-degree burglary statute are the same as those of the generic burglary offense which qualifies as a "crime of violence" under the categorical approach. Therefore, even if Descamps were retroactive it would not apply in this case.

While Defendant did not address equitable tolling the Court will do so now. The Eighth Circuit has held that the doctrine of equitable tolling applies to 28 U.S.C. § 2255 motions, but may be invoked only in limited circumstances. United States v. Hernandez, 436 F.3d 851, 858 (8th Cir. 2006) cert. denied 547 U.S. 1172 (2006). The Eighth Circuit has stated that there are two tests for determining when equitable tolling is appropriate: (1) if there are "extraordinary circumstances" beyond a movant's control that would keep him from filing in a timely fashion, or (2) if the government's conduct "lulled" the movant into inaction through reliance on that conduct. Id. Petitioner has not shown that he acted with diligence in asserting his federal habeas

claims, nor has he demonstrated the existence of any extraordinary circumstances that prevented him from timely filing his petition for federal habeas review. Accordingly, equitable tolling is not warranted in this case.

Finally, with respect to timeliness of his motion, Defendant appears to argue that he is actually innocent of the prior convictions that served as a basis for his career-offender status at sentencing. (Doc. 99, p. 35). "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar ... or, as in this case, expiration of the statute of limitations." McQuiggin v. Perkins, 133 S.Ct. 1924, 1928 (2013). "[F]or the actual innocence exception to apply in the noncapital sentencing context, a movant must show that he is factually innocent of the conduct or underlying crime that serves as the predicate for the enhanced sentence." McKay v. United States, 657 F.3d 1190, 1198–99 (11th Cir.2011) (emphasis omitted).

In this case, Defendant has made no argument that he is factually innocent of the conviction which resulted in his designation as a career-offender. Specifically, Defendant made no argument that he did not commit the second-degree burglary in 1994, and the first-degree robbery in 1998. Instead, Defendant's only argument is that legally, the second-degree burglary conviction in 1994 does not constitute a crime of violence for purposes of career-offender status. Because this argument does not establish Defendant's factual innocence, the Court concludes that Defendant cannot bypass the statute of limitations. See Monroe v. United States, 2013 WL 6199955, at *4 (N.D.Tex. Nov. 26, 2013) ("Petitioner does not suggest, much less offer any evidence, that he did not actually commit the state burglary offenses in question. Therefore,

AO72A
(Rev. 8/82)

Petitioner cannot claim that he is factually innocent of the predicate offense used to enhance his sentence under the ACCA." (citation omitted)).

**IV.    Issue #2 - Whether an evidentiary hearing is warranted:**

Defendant bears the burden of establishing the need for an evidentiary hearing. United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993). The Eighth Circuit has held that a petitioner is entitled to an evidentiary hearing on a § 2255 motion unless "'the motion and the files and the records of the case conclusively show that [he] is entitled to no relief.'" Anjulo-Lopez v. United States, 541 F.3d 814, 817 (8th Cir. 2008)(quoting United States v. Ledezma-Rodriguez, 423 F.3d 830, 835-36 (8th Cir. 2005)(alteration in original). However, the Eighth Circuit further stated:

> No hearing is required, however, "where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based."

Anjulo-Lopez, 541 F.3d at 817 (quoting Watson v. United States, 493 F.3d 960, 963 (8th Cir. 2007)(internal quotation omitted).

A hearing is unnecessary "'when a § 2255 petition (1) is inadequate on its face, or (2) although facially adequate is conclusively refuted as to the alleged facts by the files and records of the case.'" McGill, 11 F.3d at 225-226 (quoting Moran v. Hogan, 494 F.2d 1220, 1222 (1st Cir. 1974). Considering the face of Defendant's pro se petition, it is apparent that Defendant's § 2255 motion is untimely. Consequently, no hearing is required in this case. See Anjulo-Lopez, 541 F.3d at 817.

**Based upon the foregoing, the undersigned hereby recommends that Defendant's § 2255 motion be denied as untimely.**

An appeal may not be taken in this matter unless the Court issues a certificate of appealability, which shall be issued only if "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(b) & (c)(2). A "substantial showing" is a showing that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998). Based upon the above analysis of Defendant's § 2255 petition, the undersigned does not believe that there is any basis for the issuance of a certificate of appealability and, therefore, recommends, that a certificate of appealability be denied.

**The parties have fourteen days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court**.

Dated this 4th day of June, 2015.

/s/ *Erin L. Setser*
   HON. ERIN L. SETSER
   UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)