IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**UNITED STATES OF AMERICA**                                              **PLAINTIFF/RESPONDANT**

**V.**                              **CASE NO. 5:09-CR-50018-001**

**NOEL ANDREW JACKSON**                                              **DEFENDANT/PETITIONER**

### MEMORANDUM OPINION AND ORDER

Currently before the Court is Defendant/Petitioner Noel Andrew Jackson's *pro se* Motion to Reduce Sentence, Motion for Hearing and Motion to Appoint Counsel under 28 U.S.C. § 2255 (Doc. 126), which he filed on August 5, 2020. Following that, on August 24, 2020, the Government filed a response in opposition to the Motion (Doc. 127).

The Court has previously considered and denied a motion under 28 U.S.C. § 2255 filed by Mr. Jackson. (Doc. 114). A second or successive § 2255 motion may only be brought in the district court of conviction if the movant has obtained an authorization for such a filing from the applicable court of appeals. *See* 28 U.S.C. § 2244(b)(3); *Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002) (denying a movant's second or successive § 2255 motion because he failed to obtain authorization from the Eighth Circuit Court of Appeals prior to filing his second or successive § 2255 motion). Therefore, the Court may either dismiss the second or successive § 2255 motion or transfer it to the applicable court of appeals to obtain the necessary authorization. *Boyd*, 304 F.3d at 814 ("[T]he district court should dismiss [the § 2255 motion] for failure to obtain authorization from the Court of Appeals or, in its discretion, may transfer the [§ 2255] motion to the Court of Appeals."). For the reasons stated below, the Court declines to transfer the Motion to the Eighth Circuit.

1

Even if Mr. Jackson had obtained the necessary appellate authorization prior to filing his Motion, it would not be timely under § 2255. In the Motion, Mr. Jackson alleges that the recent Supreme Court decisions *Johnson*, *Dimaya*, and *Davis* invalidated a provision in 18 U.S.C. § 924(c), entitling him to a sentence reduction for his § 924(c) conviction. (Doc. 126); *see United States v. Davis*, 139 S. Ct. 2319 (2019) (decided on June 24, 2019); *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018) (decided on April 17, 2018); *Johnson v. United States*, 576 U.S. 591 (2015) (decided on June 26, 2015). Under 28 U.S.C. § 2255(f)(3), a movant may make a § 2255 motion based on a Supreme Court decision within a one-year period after the date of the decision. Therefore, based on *Davis*, the one-year limitations period pursuant to § 2255(f)(3) expired on June 24, 2020. Mr. Davis did not file the current Motion until August 5, 2020, thus, he is time-barred pursuant to the one-year limitations requirement of § 2255(f)(3).

Moreover, although Mr. Jackson does not make an explicit argument for equitable tolling, he is not entitled to this relief. Equitable tolling is only available when a movant shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Burks v. Kelley*, 881 F.3d 663, 666 (8th Cir. 2018). Although Mr. Jackson points out that he was in the Special Housing Unit ("SHU") during the month prior to the filing of the Motion, the Eighth Circuit has ruled that a defendant's detention in the SHU is not an extraordinary circumstance that would warrant equitable tolling. *Muhammad v. United States*, 735 F.3d 812, 815 (8th Cir. 2013) (no equitable tolling warranted where defendant was in the SHU for five months without access to the prison law library or his own legal materials). Therefore, Mr. Jackson is not entitled to equitable tolling of the one-year limitations period under § 2255(f)(3).

Further, even if Mr. Jackson had received the necessary prior authorization from the Court of Appeals and the Court ruled his Motion timely under § 2255(f)(3), the *Johnson*, *Dimaya*, and *Davis* decisions do not entitle him to a sentence reduction.[1] Prior to *Davis*, under 18 U.S.C. § 924(c), an offense only needed to satisfy either the "force" clause or the "residual" clause to qualify as a crime of violence. *See* 18 U.S.C. § 924(c)(3). In *Davis*, the Supreme Court ruled the residual clause in § 924(c) unconstitutionally vague but left intact the force clause. *Davis*, 139 S. Ct. at 2323–24, 2336. Following *Davis*, the Eighth Circuit held that aiding and abetting armed bank robbery satisfies the force clause of § 924(c)(3). Therefore, those offenses qualify as a crime of violence and are not entitled to relief under § 2255 following *Davis*. *Johnson v. United States*, 774 F. App'x 334, 335 (8th Cir. 2019). Therefore, despite *Davis* invalidating the residual clause as unconstitutional, Mr. Jackson's offense still qualifies as a "crime of violence" under the force clause in § 924(c)(3). Thus, the recent *Johnson*, *Dimaya*, and *Davis* decisions do not entitle Mr. Jackson to a sentence reduction.

For the reasons stated above, **IT IS THEREFORE ORDERED** that Noel Andrew Jackson's *pro se* Motion to Reduce Sentence, Motion for Hearing and Motion to Appoint Counsel under 28 U.S.C. § 2255 (Doc. 126) is **DENIED** and this case is **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED** on this 25th day of September, 2020.

---

[1] Mr. Jackson's reliance on *Johnson* and *Dimaya* is unfounded, as those decisions considered different residual clauses from the residual clause at issue here. *Dimaya*, 138 S. Ct. at 1223 (holding the residual clause in 18 U.S.C. § 16 unconstitutionally vague); *Johnson*, 576 U.S. at 606 (holding the residual clause in 18 U.S.C. § 924(e)(2)(B) unconstitutionally vague).

3

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE